JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| BRYAN A. RODRIGUEZ, on behalf of himself and others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>G2 SECURE STAFF, L.L.C., a Texas limited liability company; and DOES 1 through 100,<br><br>Defendant. | Case No. CV 20-7589-GW-PLAx<br>Hon. George H. Wu<br><br>**ORDER GRANTING MOTION FOR FINAL APPROVAL OF CLASS AND REPRESENTATIVE ACTION SETTLEMENT AND JUDGMENT**<br><br>Date:     November 17, 2022<br>Time:    8:30 a.m.<br>Crtrm:   9D (1st St. Courthouse) |

WHEREAS, Plaintiff Bryan A. Rodriguez ("Plaintiff") filed his Motion for Final Approval of Class and Representative Action Settlement (the "Final Approval Motion"), seeking an Order finally approving Settlement of this Action in accordance with the Joint Stipulation of Class and Representative Action Settlement ("Settlement" or "Settlement Agreement");

WHEREAS, Plaintiff also filed his Motion for Attorneys' Fees and Costs, and Class Representative Service Award (the "Motion for Attorneys' Fees"), seeking an award of attorney's fees as contemplated by the Settlement Agreement and reimbursement of litigation costs, as well as approval of a Service Award to Plaintiff as the Class Representative; and

WHEREAS, the Court has read and carefully considered the Final Approval Motion and the Motion for Attorneys' Fees and the declarations and exhibits filed in support thereof, and any oral argument made by counsel at the hearing, and good cause appearing therefor,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:**

1. For purposes of this Final Approval Order and Judgment ("Judgment"), the Court adopts all defined terms as set forth in the Settlement Agreement filed in this Action.

2. The Court hereby GRANTS final approval of the Settlement, in full settlement of the claims that were encompassed by this case.

3. The Court finds that the Settlement was made and entered into in good faith, and hereby approves the Settlement as fair, adequate, and reasonable to all Class Members. No objections were received. Any Class Members who have not timely and validly requested exclusion from the Class are thus bound by this Judgment.

**Class Certification**

4.  In the Court's Order Granting Motion for Preliminary Approval of Class and Representative Action Settlement ("Preliminary Approval Order"), the Court certified the Class for purposes of settlement. [Dkt. No. 42.] The Court finds, for purposes of settlement only, that the Class meets the requirements for certification on all other theories under Rule 23 of the Federal Rules of Civil Procedure, in that: (1) the Class is so numerous that joinder of all members is impractical; (2) there are questions of law and fact that are common to the Class which predominate over individual issues; (3) Plaintiff's claims are typical of the claims of the Class; (4) Plaintiff and his counsel will fairly and adequately protect the interests of the Class; and (5) a class action is superior to other available methods for the fair and efficient adjudication of the controversy. For purposes of effectuating the Settlement, the Court finally certifies the following Class: all current and former non-exempt individuals who were employed by Defendant G2 Secure Staff, L.L.C. in California at any time from October 9, 2016 through July 8, 2022.

5.  The certification of the Class and subclasses is without prejudice to Plaintiff's and Defendant's rights under the Settlement Agreement if the Settlement Agreement and this Judgment do not become effective, as provided in the Settlement Agreement.

6.  In the Court's Preliminary Approval Order, Plaintiff Bryan A. Rodriguez was appointed as Class Representative. [Dkt. No. 42.] The Court confirms Plaintiff's appointment for purposes of this Settlement.

7.  In the Court's Preliminary Approval Order, CounselOne, P.C. was appointed as Class Counsel. [Dkt. No. 42.] The Court confirms their appointment for purposes of this Settlement.

### Class Notice

8. Notice to Class Members, as set forth in the Settlement Agreement, has been completed in conformity with the terms of the Settlement Agreement and Preliminary Approval Order as to all Class Members who could be identified through reasonable efforts. The Court finds that said notice was the best notice practicable under the circumstances. The Class Notice provided due and adequate notice to Class Members of the proceedings and of the matters set forth therein, including the Settlement, and the manner by which objections to the Settlement could be made and Class Members could opt out of the Settlement. The Class Notice fully satisfied the requirements of due process.

### Objections and Requests for Exclusion

9. Zero (0) objections to the Settlement were submitted by Class Members.

10. Requests for Exclusion were submitted by five (5) Class Members. The Court finds that the following Class Members each submitted a valid and timely Request for Exclusion and therefore shall not be bound by the terms of the Settlement:

    1. Kurosh Ashraf
    2. Gilberto Lopez
    3. Taahira Bholat
    4. Sri Ramanathan
    5. Mohamad Masri

### Release of Claims, Dismissal, and Injunction

11. Plaintiff and all other Class Members shall have, by operation of this Judgment, fully, finally, and forever released, relinquished, and discharged the Releasees from all Released Claims as defined by the Settlement Agreement:

- For the period from October 9, 2016 through July 8, 2022, any and all known and unknown claims which have been or could have been pled

against the Releasees relating to the failure to provide meal periods or to pay any related premium pay (at the correct rate, in part, or at all), including any claims pursuant to or predicated on California Labor Code sections 226.7, 512, 558, the applicable wage order(s), and California Business & Professions Code section 17200 *et seq.*;

- For the period from July 18, 2019 through May 15, 2020, any and all known and unknown claims pursuant to PAGA (Labor Code section 2698 *et seq.*) which have been or could have been pled against the Releasees relating to the failure to provide meal periods or to pay any related premium pay (at the correct rate, in part, or at all), and/or failure to reimburse for business expenses, including any claims pursuant to or predicated on California Labor Code sections 226.7, 512, 558, 2800, 2802, and/or the applicable wage order(s);

- For the period from May 16, 2020 through July 8, 2022, any and all known and unknown claims which have been or could have been pled against the Releasees pursuant to PAGA (Labor Code section 2698 *et seq.*) relating to violations of California Labor Code sections 201-204, 201.3, 223, 226, 226.7, 510, 512, 558, 1174, 1194, 1194.2, 1197, 1197.1, 1198, 1199, 2800, 2802, applicable wage order(s), failure to pay regular, overtime, minimum, or final wages, failure to pay reporting time pay, failure to provide meal and rest periods, failure to pay premium pay (at the correct rate, in part, or at all) for unprovided meal and rest periods, failure to provide accurate itemized wage statements, and failure to reimburse business expenses, claims for penalties, interest, and/or attorneys' fees and costs;

- For the period from October 9, 2016 through July 8, 2022, any and all known and unknown claims pursuant to the Fair Labor Standards Act (29 U.S.C. § 201 *et seq.*) which have been or could have been pled against the Releasees; and

- The Class Member(s) identified in Paragraph 10 above are not bound by the Released Claims except that they will still be paid their individual share of the PAGA Fund and will remain bound by the Released Claims with respect to any and all released PAGA claims regardless of their Request for Exclusion and/or whether they cash their check for their individual share of the PAGA Fund, as those terms are defined in the Settlement Agreement.

12. Plaintiff and all other Class Members, except the Class Member(s) identified in Paragraph 10 above, are hereby enjoined from filing or prosecuting any other cases, claims, suits, or administrative proceedings involving Released Claims. The Class Member(s) identified in Paragraph 10 above are hereby enjoined from filing or prosecuting any other cases, claims, suits, or administrative proceedings involving any and all released PAGA claims.

13. The Court hereby orders that Plaintiff and Class Members who did not timely object to the Settlement are barred from prosecuting or pursuing any appeal of the Court's final approval of the Settlement and Judgment. Plaintiff's individual claims and class claims are hereby dismissed with prejudice as to Plaintiff and Class Members (except the Class Member(s) identified in Paragraph 10 above). Plaintiff's PAGA representative claims are hereby dismissed with prejudice as to Plaintiff and Class Members (including the Class Member(s) identified in Paragraph 10 above).

**Payments Pursuant to the Settlement Agreement**

14. The Court finds that the Gross Settlement Amount, the Net Settlement Amount, and the methodology used to calculate and pay each Class Member's Settlement Payment are fair and reasonable, and authorizes the Settlement Administrator to distribute the Settlement Payments to the Class Members in accordance with the terms of the Settlement Agreement.

15. If a Class Member fails to cash or deposit his/her settlement check within 180 days of mailing, including if a Settlement Payment is returned

undeliverable and a valid mailing address cannot be ascertained, his/her Settlement Payment shall be sent to the California Secretary of State Unclaimed Property Fund.

16.  Class Counsel shall be paid $142,150 as their attorneys' fees and $12,550.96 as their costs and expenses from the Gross Settlement Amount in accordance with the terms of the Settlement Agreement. The Court finds these amounts to be fair and reasonable and sufficiently supported. The Parties shall bear her, its, or their own respective attorneys' fees and costs except as otherwise provided in the Settlement Agreement and approved pursuant to this Final Approval Order.

17.  Plaintiff Bryan A. Rodriguez shall be paid a Service Payment in the amount of $7,500 from the Gross Settlement Amount in accordance with the terms of the Settlement Agreement. The Court finds this amount to be fair and reasonable and sufficiently supported.

18.  The Settlement Administrator shall be paid $40,000 from the Gross Settlement Amount for the costs and expenses of administering the Settlement.

19.  A payment in the amount of $50,000 from the Gross Settlement Amount, which is seventy-five percent (75%) of the amount allocated as the Private Attorneys General Act of 2004 ("PAGA") civil penalties pursuant to California Labor Code section 2698 *et seq*. shall be made by the Settlement Administrator directly to the California Labor and Workforce Development Agency ("LWDA"). Twenty-five percent (25%) of the amount allocated as PAGA civil penalties (*i.e.*, $12,500) will be included in the Net Settlement Amount allocated to the PAGA Members.

### Other Provisions

20.  The Parties shall implement the Settlement according to its terms.

21.  The Court hereby directs that the Clerk of the Court enter the Court's order as a Judgment. This document shall constitute a judgment. This Judgment

may not be construed, or be used, as an admission of any fault, wrongdoing, omission, concession, or liability whatsoever by or against Defendant.

22. The Court hereby orders that, without affecting the finality of the Judgment, it reserves continuing jurisdiction over the Parties for the purposes of implementing, enforcing, and/or administering the Settlement, or enforcing the terms of the Judgment.

23. Nothing in the Settlement or this Final Approval Order and Judgment purports to extinguish or waive Defendant's rights, including to continue to oppose the merits of the claims in this action or class treatment of these claims in this action if the Settlement or Judgment fail to become Final or effective, or in any other case, without limitation. The Settlement is not an admission by Defendant, nor is this Final Approval Order and Judgment that Plaintiff has asked the Court to enter, a finding of the validity of any allegations against Defendant in the court proceeding or any wrongdoing by Defendant. The Settlement and this Final Approval Order and Judgment are not findings that certification of the Class or subclasses is proper for any purpose or proceeding other than for settlement purposes. If the Settlement does not become final and effective in accordance with its terms, this Judgment shall be rendered null and void and shall be vacated, and in such event, all related orders entered and all releases delivered in connection herewith also shall be rendered null and void.

24. Pursuant to Labor Code section 2699(l)(3), Plaintiff shall submit a copy of this Final Approval Order and Judgment to the LWDA within ten (10) calendar days of its execution and entry by the Court.

**IT IS SO ORDERED.**

Date: November 21, 2022

_____
Hon. George H. Wu
United States District Judge